# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TRANSCO LINES, INC., and RIVERSIDE TRANSPORT, INC., <br><br> Counter-Plaintiffs, <br><br> v. <br><br> CARRIERDIRECT, LLC, <br><br> Counter-Defendant, <br> and <br><br> TOMMY BARNES, <br><br> Third-Party Defendant. | No. 19 CV 4307 <br><br> Judge Manish S. Shah |

## MEMORANDUM OPINION AND ORDER

Transco Lines, Inc., and Riverside Transport, Inc., hired CarrierDirect, LLC, to advise and consult on changes to their freight brokerage business. CarrierDirect alleges that Transco and Riverside breached a contract by failing to pay agreed-upon commission payments. Transco and Riverside counterclaimed and added one of CarrierDirect's owners, Tommy Barnes, as a third-party defendant, accusing CarrierDirect and Barnes of breach of contract and fraud. Transco and Riverside say CarrierDirect and Barnes lied about the expertise and the services they would give to Transco and Riverside. CarrierDirect moves to dismiss the fraud claim against it and strike some allegations from the breach of contract counterclaim. Barnes moves to dismiss both the breach of contract and fraud claims against him. The motions are granted.

## I. Legal Standard

A complaint must contain a short and plain statement that plausibly suggests the violation of a legal right. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–58 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–80 (2009). When evaluating the sufficiency of a complaint, I assume all the factual allegations are true and draw all reasonable inferences in the plaintiff's favor. *Iqbal* at 678–79. I disregard legal conclusions and conclusory statements. *Id.* This standard also applies to counterclaims. *United Central Bank v. Davenport Estate LLC*, 815 F.3d 315, 318 (7th Cir. 2016). When evaluating a motion to dismiss, documents attached to the complaint and counterclaim can be considered. *See Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013) (citing *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012)).

## II. Background

CarrierDirect provided consulting services for the transportation and logistics industry. [1-1] at 2.[1] Transco Lines and Riverside Transport were trucking companies that operated a freight brokerage. [29] ¶ 6. In June 2016, the CEO of Transco spoke with Tommy Barnes. *Id.* ¶ 7. Barnes was an owner and agent of CarrierDirect and an industry expert with experience developing large brokerages. *Id.* ¶¶ 7–10. Barnes recommended that Transco and Riverside hire CarrierDirect and indicated that he would be personally involved in the planning, supervision, and assessment of the

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are from the CM/ECF header placed at the top of documents. The facts in both counterclaims are identical. *See* [29]; [30].

brokerage transformation. *Id.* ¶¶ 11–13. In August 2016, the parties contracted for CarrierDirect to provide a variety of consulting services, [1-1], to improve areas like risk management, sales and revenue generation, carrier capacity, human capital, and technology. *Id.*; [29] ¶ 7. The agreement made no reference to specific personnel and contained a clause that the agreement constituted the parties' "entire understanding relating to the rendition of professional services." [1-1] at 4.

After signing the agreement, Transco and Riverside "never dealt with Barnes again." [29] ¶ 21. The trucking companies allege that unbeknownst to them, "Barnes apparently had a non-compete provision that precluded him from performing any work for Transco and Riverside." *Id.* ¶ 18. Instead, CarrierDirect's managing director, who had signed the contract, led the project. *Id.* ¶ 20. The managing director had less experience and expertise than Barnes. *Id.*[2] Nevertheless, under the terms of the contract, Transco and Riverside continued to pay CarrierDirect a monthly retainer of $35,000 from September 2016 to May 2017. [1-1] at 3; 29 ¶ 35. The payment terms also required Transco and Riverside to pay monthly commissions to CarrierDirect. [1-1] at 3.

CarrierDirect filed this lawsuit, alleging Transco and Riverside owe the monthly commission fees. [1]. In response, Transco and Riverside filed a breach of contract counterclaim. [13]. Two months later, Transco and Riverside added new allegations to their breach of contract counterclaim and a new counterclaim of common law fraud concerning Barnes's representations. [29]. Transco and Riverside

---

[2] The managing director soon became the CEO of CarrierDirect. [29] ¶ 20.

also filed a breach of contract and fraud claim against Barnes, a third-party defendant to this suit. [30]. Counter-defendant CarrierDirect filed a motion to dismiss the fraud claim and to strike the new allegations in the breach of contract counterclaim. [31]. Third-party defendant Barnes filed a motion to dismiss to both claims against him and a motion for sanctions against Transco and Riverside. [39].

III. Analysis

    A.    Fraud

Under Illinois law, the elements of common law fraud are: 1) a false statement of material fact; 2) known or believed to be false by the person making it; 3) an intent to induce the other party to act; 4) the other party's reliance upon the truth of the statement; and 5) damages resulting from the reliance. *Connick v. Suzuki Motor Co., Ltd.*, 174 Ill.2d 482, 496 (Ill. 1996); *see also Fifth Third Mortgage Company v. Kaufman*, 934 F.3d 585, 588 (7th Cir. 2019). But promises to perform future conduct, even if made without the intent to perform, generally do not constitute fraud unless "alleged to be the scheme employed to accomplish the fraud." *Henderson Square Condominium Ass'n v. LAB Townhomes, LLC*, 2015 IL 118139, ¶ 69 (Ill. 2015); *see also TMG Kreations, LLC v. Seltzer*, 771 F.3d 1006, 1014 (7th Cir. 2014).[3]

The distinguishing features of a scheme "are not clear in Illinois case law, and the exception, therefore, seems to engulf the general rule." *Gagnon v. Schickel*, 2012

---

[3] The rationale behind this rule is based on the "risk of turning every breach of contract suit into a fraud suit, of circumventing the limitation that the doctrine of consideration is supposed however ineptly to place on making all promises legally enforceable, and of thwarting the rule that denies the award of punitive damages for breach of contract." *Desnick v. American Broadcasting Companies, Inc.*, 44 F.3d 1345, 1354 (7th Cir. 1995).

4

IL App (1st) 120645, ¶ 33 (quoting *General Electric Credit Auto Lease, Inc. v. Jankuski*, 177 Ill.App.3d 380, 384 (1st Dist. 1988)); *see also Desnick v. American Broadcasting Companies, Inc.*, 44 F.3d 1345, 1354 (7th Cir. 1995). But generally, a scheme exists when "the misrepresentation is embedded in a larger pattern of deception or the deceit is particularly egregious." *JPMorgan Chase Bank, N.A. v. Asia Pulp & Paper Co., Ltd.*, 707 F.3d 853, 865 (7th Cir. 2013) (citing *Desnick*, 44 F.3d at 1354). Against both CarrierDirect and Barnes, Transco and Riverside allege that the false statement was Barnes's promise, in his capacity as an agent of CarrierDirect, "that he would directly and continuously be involved in the transformation" of the brokerage. [29] ¶ 29; [30] ¶ 30. This statement, which was supported by Barnes's representations about his qualifications, is a straightforward promise of future performance in a single transaction between two companies. *See also JPMorgan Chase Bank, N.A.*, 707 F.3d at 865 (counterclaim-plaintiff alleged a "garden-variety promissory fraud."). Transco and Riverside present no allegations of nefariousness or a larger plot, like repeated statements made over time to multiple victims. *See e.g. HPI Health Care Services, Inc. v. Mt. Vernon Hospital, Inc.*, 131 Ill.2d 145, 168–70 (Ill. 1989); *Steinberg v. Chicago Medical School*, 69 Ill.2d 320, 333–334 (Ill. 1977); *Vance Pearson, Inc. v. Alexander*, 86 Ill.App.3d 1105 (4th Dist. 1980).[4]

There are more problems with the fraud claims. They must be pled with particularity. Fed. R. Civ. P. 9(b). This "rule requires the [claimant] to conduct a

---

[4] While a "great many promises belong to the realm of puffery," *Desnick, Inc.*, 44 F.3d at 1354—which explains the rationale behind Illinois's restrictive approach to promissory

5

precomplaint investigation in sufficient depth to assure that the charge of fraud is responsible and supported, rather than defamatory and extortionate." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 738 (7th Cir. 2014) (internal citation omitted). Claimants must typically allege the person who made the misrepresentation, the time, place, and content of the misrepresentation, and the method by which it was communicated. *Id.* at 737 (internal citations and quotations omitted). The precise level of specificity depends on the facts of the case. *Id.*

Transco and Riverside allege some information about the who, what, where, when, and how. The fraudulent misrepresentations were made in June 2016. [29] ¶¶ 29–32. Transco's CEO spoke with Barnes. *Id.* ¶¶ 1–3, 6, 9. And the non-compete agreement precluded Barnes from performing any work for them. [29] ¶¶ 18–19. However, fraud cannot be based on "information and belief" statements, because such a low standard would permit claims based on unverified information. *U.S. ex rel. Bogina v. Medline Industries, Inc.*, 809 F.3d 365, 370 (7th Cir. 2016). An exception exists when the claimant cannot access the facts and provides the grounds for his suspicions. *Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 443 (7th Cir. 2011). Here, Transco and Riverside likely did not have direct access to Barnes's non-compete agreement. Nevertheless, they do not allege any other facts that corroborate their suspicions. Their argument that Barnes never worked on the project, [48] at 7–8, does not, standing alone, support the

---

fraud—I need not reach the question of puffery here. Puffery or not, Transco and Riverside still fail to allege a scheme.

existence of a non-compete agreement, and in turn, fails to allege with particularity how Barnes's representations were false or misleading when made.

Transco and Riverside also fail to plead actual damages. *See Swanson v. Citibank, N.A.*, 614 F.3d 400, 406 (7th Cir. 2010). In both claims, Transco and Riverside allege that they would not have signed the agreement if they had known Barnes would not be involved, and that Barnes's replacement did not have enough experience, expertise, or capabilities. [29] ¶¶ 35–36. This resulted in damages in excess of $75,000. *Id.* ¶ 37. Illinois permits diminution-in-value theories as a basis for alleging damages in fraud claims. *See Connick*, 174 Ill.2d at 489–506; *Miller v. William Chevrolet/GEO, Inc.*, 326 Ill.App.3d 642, 653 (1st Dist. 2001) (evidence that a car was previously owned by a rental company and opinion testimony about the diminished value of rental cars generally was enough to deny summary judgment on the issue of damages); *White v. DaimlerChrysler Corp.*, 368 Ill.App.3d 278, 287 (1st Dist. 2006) (alleging a defective auto-part, by itself, was insufficient to allege diminished value). Here, Transco and Riverside fail to allege how Barnes's alleged skills and expertise affected the price of CarrierDirect's services, or that CarrierDirect charged less for the managing director's leadership, or that there was a less expensive alternative. The contract was for CarrierDirect's services, not Barnes's. [1-1]. The allegations do not permit a reasonable inference of damages, and fail to meet the particularity requirement of Rule 9(b).

The last, and perhaps most consequential, problem with the fraud claims is that they have been waived. Illinois law requires reasonable mitigation upon the

discovery of fraud in order to pursue a legal claim. *See Straits Financial LLC v. Ten Sleep Cattle Company*, 900 F.3d 359, 371–72 (7th Cir. 2018); *Havoco of America, Ltd. v. Hilco, Inc.*, 731 F.2d 1282, 1287–88 (7th Cir. 1984) ("a party who affirms the contract after learning of the fraud may be said not to have relied on the fraudulent misrepresentation and thus an essential element of fraud (reliance) is lacking"); *Kaiser v. Olson*, 105 Ill.App.3d 1008, 1014 (1st Dist. 1981) (the waiver doctrine applies to both actions for damages and rescission). Waiver is ultimately determined by a party's conduct and turns on the facts of the case. *Havoco*, 731 F.2d at 1293. If a claimant learns of fraud but acts inconsistently with an intention to sue, he waives his claim. *See e.g. Kaiser*, 105 Ill.App.3d at 1014.

Transco and Riverside allege they never dealt with Barnes after signing the agreement. [29] ¶ 21. Yet, despite this knowledge, Transco and Riverside paid CarrierDirect all nine monthly retainer payments of $35,000. [1-1] at 3; 29 ¶ 35. Assuming these allegations are true, Transco and Riverside had an early opportunity to rescind the contract but continued to abide by it. They do not allege it was economically more reasonable to pay the monthly retainers. Nor do they allege any other mitigation. In fact, Transco and Riverside's decision to pay the monthly retainer but not the commissions suggests that they received some benefit from CarrierDirect's services, despite Barnes's absence. Transco and Riverside's actions—in light of their knowledge about Barnes's involvement—are inconsistent with an intention to sue and inconsistent with any plausible reliance on the alleged misrepresentation that Barnes would be the expert consultant on the case. So

8

although they filed their claims within the statute of limitations and within the schedule for amendment of the pleadings, it was still too late—Transco and Riverside had long ago disclaimed any reliance on Barnes's alleged role in the consultancy. Transco and Riverdale have pleaded themselves out of a fraud claim by alleging all the facts demonstrating waiver.

Ordinarily a first dismissal for failure to state a claim should be without prejudice. Although it is conceivable that an amendment could cure the promissory-fraud problem and the lack of particularity, no amendment could cure the waiver. The fraud claims are dismissed with prejudice.

**B.     Breach of Contract**

*1.     CarrierDirect's Motion to Strike*

While motions to strike are generally disfavored, courts may strike redundant or immaterial matter. Fed. R. Civ. P. 12(f); *Royce v. Michael R. Needle P.C.*, 950 F.3d 939, 952 (7th Cir. 2020); *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989) (When "motions to strike remove unnecessary clutter from the case, they serve to expedite, not delay."). Under Illinois law, extrinsic evidence may not be considered in a breach of contract claim if a contract is facially unambiguous and contains an integration clause. *TAS Distrib. Co., Inc. v. Cummins Engine Co., Inc.*, 491 F.3d 625, 636 (7th Cir.2007) (quoting *Air Safety, Inc. v. Teachers Realty Corp.*, 706 N.E.2d 882, 885 (Ill. 1999)). Here, the written agreement contained an integration clause, [1-1], meaning evidence pre-dating the agreement cannot be considered. Paragraphs 7–13, 18–19, and 25(a)(b) are stricken, along with any parts

9

in paragraphs 14, 17, 20–21 that incorporate pre-agreement evidence. These paragraphs are irrelevant to a breach of contract claim.[5]

### 2. Barnes's Motion for Sanctions

Instead of responding to Barnes's arguments about the breach of contract claim, Transco and Riverside volunteer to dismiss the claim without prejudice. [48] at 4, n.1. "Longstanding under our case law is the rule that a person waives an argument by failing to make it before the district court." *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011). Transco and Riverside also do not explain why any dismissal should be without prejudice. *See id.* Their breach of contract claim against Barnes is dismissed with prejudice—Barnes was not a party to the contract and so Transco and Riverside cannot plausibly allege the existence of a contract between them and Barnes.

Barnes moves for sanctions under Rule 11, specifically for the fees and costs of preparing his reply. [51]. As a nonparty to the contract, Barnes argues that the breach of contract claim against him is frivolous, and that the fraud claim is an attack on his reputation. [40] at 2, 11. Rule 11 permits sanctions when attorneys fail to conduct reasonable inquiries into the law and facts of their case and present motions before the court for an "improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b); *see also Royce v. Michael R. Needle P.C.*, 950 F.3d 939, 958 (7th Cir. 2020). Nevertheless, this "rule is

---

[5] CarrierDirect raised the integration clause in support of its motion to strike, not as a reason to dismiss the fraud claims. Transco and Riverside offer no arguments justifying the allegations of pre-contract conduct in the absence of a viable fraud claim, so they are stricken.

10

not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories." *Kraemer v. Grant County*, 892 F.2d 686, 690 (7th Cir. 1990) (citing Advisory Committee Notes to 1983 Amendment to Fed. R. Civ. P. 11).

Transco and Riverside previewed their new allegations and arguments before the court, and I granted their motion for leave to amend. [28]. The subsequent motion filed against Barnes, [30], was virtually identical to the one filed against CarrierDirect, [29], suggesting there was no material difference between the two motions, even though Barnes was a third-party. While pursuing a fraud claim was within the bounds of advocacy, pursuing a breach of contract claim against Barnes was not. *See Northbound Group, Inc. v. Norvax, Inc.*, 795 F.3d 647, 650 (7th Cir. 2015) ("It goes without saying that a contract cannot bind a nonparty.") (citing *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 294 (2002)); *see also Royce*, 950 F.3d at 945 (noting that the district court found the arguments "not merely wrong but frivolous, disregarding what anyone having taken a first-year contracts class could identify as the pivotal legal issues" and "utterly devoid of merit."). Perhaps recognizing its frivolousness, Transco and Riverside volunteered to dismiss the claim. [48] at 4, n.1.

Nonetheless, I deny Barnes's motion for fees and costs, because those were largely incurred in relation to the fraud claim. However, I warn Transco, Riverside, and their counsel that their tactics to date, including their unresponsiveness in discovery, are laying the foundation for a pattern of harassment, delay, and unnecessary litigation costs. If such practices continue, Transco and Riverside (and

11

their counsel, *see* 28 U.S.C. § 1927) may face far greater sanctions than the fees and costs for preparing Barnes's reply.

## IV. Conclusion

CarrierDirect's motion to dismiss and strike, [31], is granted. Tommy Barnes's motion to dismiss, [39], is granted while his motion for sanctions, *id.*, is denied. The clerk shall terminate Barnes as a party to the case.

ENTER:

Date: March 30, 2020

Manish S. Shah
U.S. District Judge